**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 25 2025

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OKEL DANIEL CHANG-BERMUDEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-4462 <br><br> Agency Nos. <br> A220-579-529 <br> A220-150-343 <br> A220-150-344 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Okel Daniel Chang-Bermudez and Karen Judith Perez-Murillo are natives

and citizens of Nicaragua, and their minor child is a native of Panama and a citizen

of Panama and Nicaragua. They petition for review of a decision of the Board of

Immigration Appeals ("BIA") summarily affirming an order of an Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's determination that Petitioners were barred from seeking asylum because they had been firmly resettled in Panama and did not meet an exception to the firm-resettlement bar. *See* 8 U.S.C. § 1158(b)(2)(A)(vi); *see also* 8 C.F.R. § 1208.15(b) (2020).[1] Petitioners do not contest that they received an offer of permanent resettlement in Panama, but rather claim that they could no longer remain in Panama due to discrimination.

_____

[1] The 2020 version of this regulation remains operative, and the parties do not argue otherwise. *See Oscar v. Bondi*, 135 F.4th 777, 779 n.4 (9th Cir. 2025).

Petitioners have not demonstrated, however, that they "lived under a restriction that was '(1) substantial, (2) conscious, and (3) by the country's authorities.'" *Oscar*, 135 F.4th at 781 (quoting *Aden v. Wilkinson*, 989 F.3d 1073, 1080 (9th Cir. 2021)). Petitioners lived safely in Panama for a decade and voluntarily returned to Nicaragua only after losing their jobs due to the Covid-19 pandemic. *See id.* at 784 (holding that "evidence does not compel the conclusion that [the petitioner] experienced 'substantial' discrimination" where the petitioner "rented a home, studied mechanics, worked, traveled, attended college, and received medical care" (citation omitted)). And because Petitioners did not testify that they "experienced any harm or racism from the [Panamanian] government, and [they] did not report to the [Panamanian] government the instances of racism that [they] experienced from private actors," the evidence does not compel the conclusion that their residence in Panama was "consciously" restricted "by" the Panamanian government. *Id.*

2. Even under a liberal construction of their brief, Petitioners fail to "specifically and distinctly" challenge the agency's denial of their withholding of removal claims. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022). Petitioners have thus forfeited those claims.

3. Substantial evidence supports the agency's denial of CAT protection. First, "[u]nfulfilled threats are very rarely sufficient to rise to the level of

23-4462

persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution."). Other than the threats they received before moving to Panama in 2011, Petitioners fear "physical and psychological torture" or "that something could happen" to them. But "a speculative fear of torture is insufficient to satisfy the 'more likely than not' standard." *Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) (citation omitted); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding "generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient" to support a CAT claim). And "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.

23-4462